### No. 196

B. M. SMART et al v. AJAX RUBBER CO.
No. 18336. Filed in Supreme Court
Jan. 24, 1924
Error to the Court of Appeals of Mahoning County
Published Only in Ohio Law Abstract

480. EVIDENCE—Admissibility of depositins as—Account books—Pleading charges and credits.

The Ajax Rubber Co., plaintiff, in the Common Pleas, tried its case upon depositions to which written objections were filed and argued prior to trial. Two of the depositions were taken in absence of counsel for Smart. The taking of depositions purported to be pursuant to notice; was commenced on the date and at the place specified, but was not adjourned to the next day but over an intervening day, election day. The notice did not specify that the depositions of parties were to be taken; specified that the same would be adjourned "from day to day." The certificate shows that the depositions were not written in the presence of the officer before whom they were taken, or signed by the witnesses. The admission of these depositions as evidence is claimed to be error.

A socend ground of error arises upon the introduction of evidence under the pleadings and involves Sections 11326-11333 GC. The action below was founded on an account but no copy of it was set out or attached. After a motion to require the plaintiff to attach an itemized statement of the account had been sustained, and the copy set out, an answer and cross-petition was filed to an amended petition denying the debits and credits alleged in the amended petition and setting up various payments not apparent among the credits appearing in the account, to the extent of $11,682.00. A reply was then filed in the form of a general denial. At the trial these extra credits were admitted, and in rebuttal and

over the objection and exception of the Rubber Company, that the credits were credits against other charges not set out in the original account.

It is also claimed that the court below erred in admitting in evidence ledger sheets alleged to be the book of account of the Rubber Co. without having the same properly proven under the law of the State, there being no evidence that the entries were made contemporaneous with the facts and none that they were made by persons having a personal knowledge of the facts; that there was no proof of their handwriting; and also the absence of other requisites to qualify the books of account as evidence.

Attorneys—McKain & Ohl, Youngstown, for Smart; Grossman & Grossman, Cleveland, for Rubber Co.